**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOYCE COVINGTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-23-131-AMG** |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Joyce Covington ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of the Social Security

Administration ("SSA") denying her applications for disability insurance benefits ("DIB")

and supplemental security income ("SSI").  (Doc. 1).  The Commissioner has filed the

Administrative Record ("AR") (Doc. 6), and the parties have fully briefed the issues (Docs.

10, 14).[1]  The parties have consented to proceed before the undersigned Magistrate Judge

pursuant to 28 U.S.C. § 636(c)(1).  (Docs. 8, 9).  Based on the Court's review of the record

and issues presented, the Court **AFFIRMS** the Commissioner's decision.

**I.     Procedural History**

Plaintiff filed applications for DIB and SSI on March 16, 2021, alleging a disability

onset date of August 8, 2020.  (AR, at 141, 157).  The SSA denied the applications initially

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination.  Citations to the
Administrative Record refer to its original pagination.

and on reconsideration.  (*Id*. at 154, 170, 192, 211).  Then an administrative hearing was

held on July 8, 2022.  (*Id*. at 107-39).  Afterwards, the Administrative Law Judge ("ALJ")

issued a decision finding that Plaintiff was not disabled.  (*Id*. at 81-101).  The Appeals

Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-7).  Thus, the ALJ's

decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d

1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## II.     The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A

physical or mental impairment is an impairment "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A

medically determinable impairment must be established by "objective medical evidence"

from an "acceptable medical source," such as a licensed physician or a licensed and

certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis,

or a medical opinion" is not sufficient to establish the existence of an impairment.  20

C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a),

416.913(a).  A plaintiff is disabled under the Social Security Act "only if his physical or

mental impairment or impairments are of such severity that he is not only unable to do his

previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."   42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## III.    The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 8, 2020, the alleged onset date.  (AR, at 87).  At Step Two, the ALJ found that Plaintiff had the following severe impairments: "lumbar degenerative disc disease; abdominal hernia complications with recurrent infection; and obesity (20 CFR 404.1520(c) and 416.920(c))."  (*Id.*)  At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id.* at 90).  The ALJ then determined that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently; can stand and walk for 6 hours of an 8-hour workday; can sit for 6 hours of an 8-hour workday; can occasionally stoop, climb ramps and stairs, balance, and kneel, can never crawl, crouch, or climb ladders, ropes, and scaffolds. She must never be exposed to unprotected heights or dangerous, unprotected machinery.

(*Id.* at 91).  Then, at Step Four, the ALJ concluded that Plaintiff was able to perform her "past relevant work as a security guard and toll collector."  (*Id.* at 95).  Thus, the ALJ found that Plaintiff had not been under a disability since August 8, 2020.  (*Id.*)

## IV.    Claims Presented for Judicial Review

On appeal, Plaintiff argues that "the ALJ failed to properly consider whether [Plaintiff] met or equaled the Listings at Step [Three] for her abdominal hernia complications."  (Doc. 10, at 3).  In response, the Commissioner argues that "Plaintiff has not shown medical findings that match, or are medically equal to, the extensive fungating

or extensive ulcerating skin lesions required by Listing 8.04" and therefore "the ALJ's decision should be affirmed." (Doc. 14, at 6).

**V.     Substantial Evidence Supports The ALJ's Determination That Plaintiff's Impairments Did Not Meet Or Medically Equal Listing 8.04.**

The listings at 20 C.F.R. part 404, subpart P, appendix 1, cover medical conditions so debilitating they warrant an automatic presumption of disability without further consideration of the claimant's residual functional capacity or ability to perform past or other work. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).  At Step Three, a claimant has the "burden to present evidence establishing her impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005).  To satisfy this burden, a claimant must establish her impairment "meet[s] *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530.  "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007); *see also* 20 C.F.R. § 404.1525, § 416.925.  "For a claimant to qualify for benefits by showing that [her] unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, [she] must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Zebley*, 493 U.S. at 531; *see also* 20 C.F.R. § 416.926, § 404.1526 (addressing medical equivalence to listings).  If the evidence implicates a specific listing,

the ALJ is required to evaluate whether the claimant meets or equals that listing.  *See*

*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

The ALJ found that Plaintiff "does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in

20 CFR Part 404, Subpart P, Appendix 1." (AR, at 90).  In doing so, the ALJ considered

Listing 8.04 for recurrent skin infections, but after "consider[ing] all of [Plaintiff's]

impairments individually and in combination . . . [could] find no evidence that the

combined clinical findings from such impairments reach the level of severity contemplated

in the listings."  (*Id*).[3]

Listing 8.04 requires evidence of "[c]hronic infections of the skin or mucous

membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at

least 3 months despite continuing treatment as prescribed."  20 C.F.R. Pt. 404, Subpt. P,

App. 1, § 8.04 (effective June 9, 2004, and amended October 6, 2023).  The Listings define

"extensive skin lesions" as:

---

[3] The Court notes that the Listings for skin disorders were revised by the SSA effective
October 6, 2023.  However, when amending these Listings, the SSA stated that the
amended rules "will apply . . . to new applications filed on or after the effective date, and
to claims that are pending on or after the effective date."  Revised Medical Criteria for
Evaluating Digestive Disorders and Skin Disorders, 88 Fed. Reg. 37,704, 2023 WL
3864938, at *1 (June 8, 2023).  For claims before the SSA, the amended rules would apply
"after their effective date, in any case in which [the Commissioner] make[s] a
determination or decision."  *Id*. at 37,704 n.8.  As for claims before courts, the SSA
"expect[ed] that Federal courts will review [its] final decisions using the rules that were in
effect at the time [the Commissioner] issued the decisions."  *Id*.  The undersigned therefore
evaluates Plaintiff's case using the prior version of the Listings for skin disorders, in effect
at the time the ALJ issued the decision.

those that involve multiple body sites or critical body areas, and result in a very serious limitation.  Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:

a.      Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.

b.      Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.

c.      Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

*Id.* § 8.00(C)(1).  In discussing Listing 8.04, the ALJ stated:

First, listing 8.04 requires extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed.  In this case, [Plaintiff] developed a MRSA infection due to complications from a hernia surgery.  In August 2020, on the alleged onset date, [Plaintiff] was hospitalized for two days to treat this infection.  Her treatment included drainage, wound irrigation, and vac placement (Exhibit C5F/171-174).  [Plaintiff] healed slowly over the following months and she needed multiple debridement procedures; **however, the evidence does not show that she had extensive fungating or ulcerating lesions**.  Then in January 2021, she was hospitalized again for a recurrent infection, but she improved with antibiotic medication (Exhibit C5F/39-42).  In February 2021, [Plaintiff] began treatment with an infectious disease specialist who recommended another course of antibiotic medications delivered by PICC line (Exhibit C8F/5-9).  By April 2021 [Plaintiff] was doing better and by August 2021, less than a year from her first infection, [Plaintiff's] wound was resolved (Exhibits C8F/14-16 and C16F/3-6).  **Accordingly, I find that [Plaintiff] did not have an extensive fungating or ulcerating lesion for at least three months despite continuing treatment, and the severity of her abdominal infection does not meet or equal listing 8.04.**

(AR, at 90) (emphasis added).

Plaintiff suggests, in conclusory fashion, that her impairments either met or medically equaled Listing 8.04.  Plaintiff's arguments center on the severity of the

abdominal wound, the duration of her treatment and healing process, and the pain resulting from her treatment. (Doc. 10, at 5-7). However, she does not "provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085. Nor does she "present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Zebley*, 493 U.S. at 531. The record demonstrates that Plaintiff had one lesion, albeit serious and slow-healing, on the abdomen; she did not have lesions "on multiple body sites" or on a "critical body area" that interfered with Plaintiff's ability to move her body parts in functional ways, as described by the Listing. Because Plaintiff has failed to identify evidence in the record showing her impairments met or medically equaled each of the criteria for Listing 8.04, she has failed to meet her burden. *Fischer-Ross*, 431 F.3d at 733. Despite Plaintiff's contention that "it does not clearly appear that it was even contemplated" for an equaling, (Doc. 10, at 5), the ALJ explicitly considered Listing 8.04 in combination with the objective medical evidence and stated in his opinion that "the severity of her abdominal infection does not meet **or equal** listing 8.04." (AR, at 90) (emphasis added). The ALJ's Step Three analysis is supported by substantial evidence.[4]

---

[4] In her Step Three argument, Plaintiff includes a brief paragraph questioning the ALJ's RFC assessment that Plaintiff is capable of performing light work in light of the "obvious sequelae" of Plaintiff's severe conditions that would "obviously limit" her functionality. (Doc. 10, at 7). However, Plaintiff does not further develop this conclusory argument and therefore the court declines to entertain it. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner . . . are waived."); *Harper v. Astrue*, 2012 WL 2681292, at *7 (N.D. Okla. July 6, 2012), (finding that plaintiff's arguments were "perfunctory and undeveloped to the point that this Court cannot give them meaningful review, and therefore, pursuant to *Wall* [*v. Astrue*, 561 F.3d 1048,

## VI.    Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative

hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned

**AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 19th day of December, 2023.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

1066 (10th Cir. 2009)], a finding that these arguments have been waived is appropriate"),
*aff'd sub nom. Harper v. Colvin*, 528 F. App'x 887 (10th Cir. 2013).